## WOFFORD v. ROBINSON.

1. An execution issued by a justice of the peace, which does not prescribe when it shall be returned, otherwise than by a command to make due return of it to the justice, is at most irregular merely, and affords no excuse against a motion for not returning it within the longest period, to which the discretion of the justice to make it returnable extends.

Writ of error to the Circuit Court of Pickens.

Notice was issued by Wofford to one Mason, a constable of said county, and to Robinson and one Mitchell, his official sureties, that a motion would be made against such of them, as should be served with notice, for judgment for the amount of an execution issued at the suit of Wofford against one Williams, and one Nabors, and placed in the hands of Mason as constable, for collection, and not returned by him according to the directions of the execution. Judgment was given by the Justice against Robinson, who alone was notified, and he appealed to the Circuit Court, which dismissed the motion, on the ground, that the declaration should contain upon its face a specified time for its return. It appears, by a bill of exceptions, allowed by the presiding Judge, that the execution indicated the time for its return only by these words, " and due return make to me."

The plaintiff prosecutes the writ of error, and here assigns the dismission of his motion as error.

B. F. Porter, for the plaintiff in error.

W. Cochran, contra, cited Clay's Dig. 358, § 1; 359, § 4, 6.

GOLDTHWAITE, J.—The Circuit Court, in dismissing this motion, was probably under the impression, that the execution was not merely irregular, in consequence of the omission to direct upon its face when it should be returned, but

absolutely void. If irregular only, the officer will not be allowed to show this, to excuse his own neglect. [Anderson v. Cunningham, Minor, 48; McRae v. Colclough, 2 Ala. Rep. 74; 4 Id. 516.]

The statute regulating proceedings by justices of the peace, directs, that the justice shall issue executions "returnable at a certain time and place therein mentioned, not less than twenty, nor more than thirty days from the time of issuing the same." [Clay's Dig. 358, § 1.] But this we conceive to be merely directory to this class of magistrates, and we incline to think, that its entire omission does not affect the validity of the execution. In the present instance, the command of the execution, is to make due return of it to the justice of the peace, and what this due return is, was easily to be ascertained by the constable, if reference was had to the statute. The utmost discretion of the justice, when the defendant resides within his own county, is limited to thirty days, and therefore, after that time the constable was in default. No objection to the motion having been raised by demurrer, or otherwise, the Court should have proceeded to determine the motion, independent of the objection to the irregularity of the execution.

Judgment reversed, and cause remanded.