# Connor *v.* Boyd.

*Petition by Complainant's Solicitor in a Suit in Equity for Compensation.*

1. *Attorney and client; compensation to complainant's solicitor in a suit in equity.*—After a decree had been rendered, on bill filed in equity by a judgment creditor against the debtor, ordering a sale of the defendant's property for the payment of complainant's demand, the parties came together, and entered into a compromise, the complainant, in consideration of a small sum paid by the defendant, executing a receipt in full of her demand. Afterwards, the complainant's solicitors filed a petition in the cause, alleging the insolvency of their client, and the compromise made by the parties, and praying a reference to ascertain what would be a reasonable compensation to them for their services in the cause, and directions to the register to proceed with the sale for the payment of such compensation. *Held*, that no ground for the interference of a court of equity is shown, and that a decree of the chancery court, granting the relief prayed in the petition, was erroneous.

APPEAL from Pike Chancery Court.

Heard before Hon. JNO. A. FOSTER.

The bill in this cause was filed by Nancy Boyd, a judgment creditor of Thomas Connor, against the latter, seeking a discovery of property liable to the satisfaction of her judgment, and a decree condemning the property to sale for that purpose. On the the hearing, had on pleadings and proof, a decree was rendered, granting relief to the complainant and ordering a reference for the ascertainment of the amount due complainant on her judgment. The register made a report of the amount

[Connor v. Boyd.]

thus due to the complainant, which was confirmed, and a decree of sale entered. Afterwards a settlement was had between the parties, and, in consideration of a small amount, the complainant executed to the defendant a receipt in full of her demand against him. Afterwards the complainant's solicitors filed a petition, asking a reference to ascertain what would be a reasonable compensation to them for their services in the cause, and directions to the register to proceed with the sale of the property described in the decree of sale, for the purpose of paying the amount which the register might ascertain to be due to them for their said services, and the costs of suit. The settlement made between the complainant and defendant is stated in the petition, and the insolvency of the complainant is averred. On the hearing of the cause on this petition, a reference was ordered by Hon. H. Austill, the chancellor then presiding, to ascertain what would be a reasonable fee for the said services of the petitioners; and, at a subsequent term, a report was made by the register of the amount of such fee, and the report was confirmed; and, on 26th May, 1881, a decree was entered, directing the register to proceed to sell the property described in the decree of sale in the main cause, for the payment of the costs of suit and the fee of complainant's' solicitors, as ascertained and reported by the register, from which this appeal was taken.

That decree, in so far as it ordered the register to proceed with the sale for the payment of said fee, is here assigned as error.

R. M. WILLIAMSON and J. D. GARDNER, for appellant.

PARKS & HUBBARD, contra.

BRICKELL, C. J.—There are cases in which it may be proper for the court of chancery to ascertain the compensation which ought to be paid solicitors, and to direct its payment from funds in the custody, or under the control of the court. There are other cases in which trustees, executors, administrators, or guardians are parties, and the court may very properly ascertain the compensation of the solicitors they have employed. But in ordinary cases, there is no ground or reason for the interference of the court between the solicitor and client; certainly no ground or reason for such interference as was indulged in this cause, depriving the client of the unquestioned right to make such settlement of the suit as he may choose, and rendering a decree against his adversary for the compensation of his solicitor.

[Vancleave v. Wilson.]

The decree of the 26th May, 1881, is reversed and the cause remanded.