# Waldrop *v.* Friedman & Loveman.

*Bill in Equity by Mortgagor's Heirs, for Redemption and Account.*

1. *Limitation of suit for redemption; laches.*—A suit by the mortgagor, or his heirs, against the mortgagee in possession, or his assignee, for redemption and an account of rents and profits, is not barred until the expiration of ten years; and that period not having elapsed when the bill is filed, no question of *laches* can arise, although the defendant also claims under a purchase at execution sale against the mortgagor, the validity of which is disputed by the complainants: if the execution sale was void, it can have no effect on the rights of the parties, and if only irregular and voidable, it can not be collaterally impeached.

2. *Execution prematurely issued.*—An execution prematurely issued on a valid judgment—as when issued by a justice of the peace within less than five days after the rendition of the judgment (Code, § 3345)—is not void, but only irregular and voidable; and not having been set aside in a direct proceeding, a sale under it can not be collaterally impeached.

3. *Levy of execution after proper return day.*—An execution issued by a justice of the peace, can not properly be levied after the expiration of sixty days (Code, § 3345), even though a later day be therein specified for its return; and a levy after the expiration of sixty days being void, an order of sale and sale founded on it are equally void.

APPEAL from the Chancery Court of Tuskaloosa.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 12th January, 1889, by Wm. S. Waldrop and others, children and heirs at law of Ezekiel Waldrop, deceased, against the partners composing the firm of Friedman & Loveman; and sought to redeem a tract of land, of which the defendants were alleged to be in possession as mortgagees, with an account of the rents and profits. The land had belonged to said Ezekiel Waldrop, who died,

intestate, on the 16th July, 1883; and he had conveyed it by mortgage duly executed, dated April 22d, 1878, to R. & J. McLester, by whom it was assigned and transferred to said Friedman & Loveman. The mortgage was given to secure the payment of two promissory notes, which fell due in December, 1877 and 1878, respectively; and it contained a power of sale, "if said notes are not paid by the 1st January, 1879." The bill alleged that the mortgage had never been foreclosed, and that the defendants entered into possession some time during the year 1882. It was alleged, also, that in December, 1882, complainants made application to redeem from the defendants, who denied their right of redemption, and asserted title in themselves as sub-purchasers at execution sale against said Ezekiel Waldrop. The sale under execution was made on the 7th October, 1878, and was founded on a judgment rendered by a justice of the peace on the 26th January, 1878, on which an execution was issued on the 29th January, as recited in the order of sale granted by the Circuit Court, and levied on the land on the 10th April, 1878. The bill set out this judgment and the proceedings founded on it, and assailed their validity. The material facts shown by the record, in reference to this contention, are stated in the opinion of the court.

The chancellor sustained a demurrer to the bill, for want of equity, and his decree is assigned as error.

HARGROVE & VAN DE GRAAFF, for appellants, cited *Gordon v. Bell*, 50 Ala. 213; *Barclay v. Plant*, 50 Ala. 509; *Jones v. Calloway*, 56 Ala. 46; *Samples v. Walker*, 9 Ala. 726; *Morgan v. Ramsey*, 15 Ala. 190; *Smith v. Mundy*, 18 Ala. 182; *Vail v. Lewis*, 4 Amer. Dec. 303; 10 Amer. Dec. 232; 15 Amer. Dec. 522; 16 Amer. Dec. 734.

WOOD & WOOD, *contra*, cited 2 Wend. 446; Freeman on Executions, pp. 119–20; *Brown v. Hunt*, 31 Ala. 146; *Chambers v. Stone*, 9 Ala. 260; *Bumpass v. Webb*, 9 Port. 201; *Sandlin v. Anderson*, 76 Ala. 405; *Morgan v. Evans*, 22 Amer. Rep. 154; 88 N. Y. 618; 19 Geo. 139; *White v. Farley*, 81 Ala. 563.

McCLELLAN, J.—The present bill is exhibited to redeem a tract of land from mortgagees in possession. By appropriate allegations, it anticipates a defense resting on the acquisition of an independent title by purchase at a sale made under a *venditioni exponas*. The order of sale was made by the Circuit Court of Tuskaloosa, on a judgment rendered by a justice of the peace against complainants' ancestor, an execu-

[Waldrop v. Friedman & Loveman.]

tion issued thereon, a levy thereof on the land sought to be redeemed, and a return of all the papers into the Circuit Court. The infirmity in respondents' title under these proceedings, which is relied on in reply to the anticipated defense, results from the facts, which are shown by the exhibits to the bill, that the execution was issued by the justice before the lapse of five days after the judgment, and was levied by the sheriff after the lapse of sixty days from the date of its issuance, and also from the date at which it could have been regularly issued, that being the longest period which the statute allows between the issuance and return day of such writs.—Code, § 3345. Demurrers were interposed to the bill, setting up that it showed, *first*, that respondents acquired a good legal title through the sheriff's sale: *second*, that they acquired a good equitable title at said sale; *third*, that the complainants "are guilty of such *laches* as to defeat any equity of the bill; and, *fourth*, that complainants are estopped by reason of the acquiescence of their ancestor for years in the ownership and possession of defendants." Each of these demurrers was sustained, and this appeal is prosecuted from the decree in that behalf.

The ten years within which a mortgagor may redeem from his mortgagees in possession not having elapsed in this case, as is manifest from the averments of the bill, we are unable to see what relevancy the inquiries as to *laches*, delay, acquiescence for years, &c., raised by the demurrer, can have to any material issue presented by the record. It seems clear that, if the sale under the order of the Circuit Court was merely irregular, and hence voidable only, it can not be drawn in question upon a collateral attack, such as this bill attempts, however promptly made, and whether made by the heir or ancestor; and on the other hand, if that sale was void—not merely irregular, and voidable only on direct assault—we apprehend that no delay, *laches*, or acquiescence, short of ten years in duration, would operate to defeat the right of redemption now asserted by complainants. Counsel on either side recognize the immateriality of these inquiries, and address themselves mainly to the question of the validity of the sale; and that question alone, we think, need be decided.

The judgment against complainants' ancestor was rendered by the justice on the 26th day of January, 1878. Execution was issued January 29, 1878. The levy was made on April 10, 1878; seventy-one days after the *teste* of the writ, and sixty-eight days after the writ might have regularly issued.

Upon these facts, two contentions are predicated by the appellants. *First*, that the sale was void, because the execution was issued before the lapse of five days after judgment, as

[Waldrop v. Friedman & Loveman.]

required by the present and former statute on the subject. We can not admit the soundness of the position. On the contrary, we conceive it to be well settled, that the fact that an execution—the judgment being a valid one—is issued at or within a time during which the statute says it shall not issue, does not render the writ void, but is an irregularity merely, which may be remedied in a direct proceeding seasonably instituted, but which avails nothing in aid of a collateral impeachment of the proceedings under it, such as is here attempted.—*Sandlin v. Anderson*, 76 Ala. 403; *Leonard v. Brewer*, 86 Ala. 390; *Street v. Tutwiler*, 68 Ala. 17; *Carson v. Walker*, 16 Mo. 68; Freeman on Executions, § 25.

The other position taken by the appellants is, that the execution was levied after the return day fixed by the statute. The law then in force was the same as the present statute, as to the limit of time within which the execution from justices' courts should be made returnable.—Code, 1876, §§ 3627, 3648. And we apprehend that, if there should be an omission to have the return day expressed in the face of the writ, it would be held to be returnable on the last day to which the justice in his discretion might have made it run; the principle involved in such a contingency being the same as arises when a day beyond the extremest limits of discretion, or a day which is past, is specified, and holds the officer to the duty of execution and return within the statutory period, regardless of the language of the writ.—*Samples v. Walker*, 9 Ala. 726; *Wofford v. Robinson*, 7 Ala. 489; Freeman on Executions, § 44. But, whether any day or a proper day be specified or not, the writ in no case can be kept alive in the hands of the officer, after the latest date at which the statute requires it to be returned. The writ in this case, whatever time was expressed on its face as the return day, or whether any time was so expressed—and the record does not enlighten us on this point—could not be levied after the lapse of sixty days from the 29th of January, 1878, and the levy which was in fact made on April 10, 1878, beyond the latest possible return day, was absolutely void. *Morgan v. Ramsey*, 15 Ala. 190; *Smith v. Mundy*, 18 Ala. 182; Freeman on Executions, § 106; *Bank v. Reid*, 3 Ala. 299; *Bordan v. McKinnie*, 15 Amer. Dec. 519, n. 522; *Barnard v. Stevens*, 16 Amer. Dec. 734.

The levy upon which the order of sale made by the Circuit Court was predicated being void, that court was without jurisdiction, its order was likewise void, and the sale and conveyance by the sheriff to defendants' grantors passed no title into them.—*Jones v. Calloway*, 56 Ala. 46.

[Leak v. Georgia Pacific Railroad Co.]

The demurrers which set up that title in bar of the relief sought by complainants should have been overruled.

The decree of the Chancery Court is reversed, and a decree will be here entered overruling all the demurrers sustained below.

Reversed and rendered.