# Mitchell *v.* Corbin.

*Trespass de Bonis Asportatis.*

| 91 | 599 |
| 100 | 241 |
| 91 | 599 |
| e132 | 317 |
| 132 | 650 |

1. *Execution on justice's judgment, not returnable within sixty days.* Under statutory provisions, an execution issued by a justice of the peace is required to be made returnable within "sixty days from the

date of its issue" (Code, § 3345); but this provision is directory merely and an execution returnable at a later day is not void, but is irregular only, and may be levied at any time within the sixty days.

2. *Execution on dormant judgment.*—An execution issued on a judgment which has become dormant, but before the presumption of satisfaction arises, is not void, but merely irregular, and voidable at the instance of the defendant therein, no rights of third persons intervening; and until quashed or vacated in an appropriate proceeding, it must be respected and executed.

3. *Sale of personal property after return day of execution.*—When an officer has levied an execution on personal property, and has the property in his possession, he may sell after the return day of the writ without further process.

4. *Exemptions of personal property, and how claimed.*—Under statutory provisions regulating exemptions of personal property (Code, §§ 2515, 2519, 2521, 2540), if the debtor has not filed in the office of the judge of probate his declaration and claim of exemption, his property is subject to levy under execution, although it may be of less value than $1,000; and if he does not file with the officer his claim of exemption in writing, verified by affidavit, the officer may disregard a verbal claim, and sell the property.

5. *Measure of damages; restoration of possession.*—In trespass for an illegal or wrongful levy on personal property, brought by the defendant in execution, if it appears that he became himself the purchaser at the sale under the levy, his measure of damages is, not the value of the property, but the amount paid by him on the sale, with interest, and compensation for any injury sustained by the property before he regained possession; but, if he was present at the sale under execution, did not interpose any objection, and consented that the proceeds of sale should be applied in satisfaction of the execution debt, he can only recover nominal damages.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. JOHN B. TALLY.

BROWN, HALLIDAY & STREET, for appellants.

LUSK & BELL, *contra*.

CLOPTON, J.—Appellee brings the action of trespass to recover damages for the levy upon, taking and selling personal property in his possession. It is brought against the deputy-sheriff who made the levy, the plaintiff in execution, and the sureties on the bond of indemnity. The execution was against plaintiff, and the property belonged to him at the time of the levy and sale. The undisputed facts are: The execution was issued, Nov. 3d, 1888, on a judgment rendered Feb. 2d, 1885, by an *ex-officio* justice of the peace, and was made returnable on the first Monday in January, 1889. The levy was made December 28th, 1888, at which time plaintiff gave a forthcoming bond for the property, in pursuance of which he delivered it to the deputy-sheriff, January 12th, 1889, on which day it was sold by the officer making the levy. At the sale, plaintiff

[Mitchell v. Corbih.]

purchased the property, and the proceeds of sale were applied in satisfaction of the judgment and execution. The evidence is conflicting as to whether plaintiff made any objection to the levy, or forbade the sale on the ground that the property was exempt. The proof shows that plaintiff did not own personal property to the amount of one thousand dollars in value.

At the request of plaintiff, the court gave the following charge: "If the jury believe the evidence, they will find the issue in favor of the plaintiff, and assess the plaintiff's damages at whatever the evidence shows the value of the property to have been, with interest thereon from the taking of the property down to the day of trial." When referred to the evidence, the propositions underlying the charge are, either that the execution, or sale, or both were void, or that the levy and sale are unauthorized and illegal, on the ground that plaintiff did not own personal property to the amount in value exempted by the law, and that where possession of the property is regained, its value, with interest thereon, is the measure of damages. The consideration of these propositions will embrace the questions raised by the charges asked by defendants and refused.

The rule is well settled in this State, that the statutory provision, that an execution issued by a justice of the peace shall be returnable in not less than twenty, nor more than sixty days from the date of its issue. is directory, and that nonobservance of the time, or a mistake in this respect, constitutes a mere irregularity. An execution, made returnable at a date more distant than prescribed by the statute, may be enforced within the time in which it might properly have been made returnable.— *Wofford v. Robinson*, 7 Ala. 489 ; Freeman on Ex., § 44. It is, also, well settled, that though no execution was issued within the time provided by law, and the judgment has thereby become dormant, an execution issued thereafter, and before the judgment is presumed to be satisfied, is not void, but merely irregular, and voidable at the option of the defendant in execution, no rights of third persons intervening. *Brevard v. Jones*, 50 Ala. 221; *Sandlin v. Anderson*, 76 Ala. 403. Also, though an execution may be irregular, because not returnable at the proper time, or because issued on a dormant judgment, it must be respected and executed, until vacated by motion to quash, or some other appropriate proceeding instituted by the defendant in execution, and that neither he, nor any one, can call it in question collaterally.—*Steele v. Tutwiler*, 68 Ala. 107; *Olmstead v. Brewer, ante*, p. 124; s. c., 8 So. Rep. 345.

The statute does not provide for the issue of a *venditio ex-*

*ponas*, on the return of an execution issued by a justice of the peace and levied on personal property remaining unsold, but only where land is levied on, and its sale ordered by the Circuit Court, or court of like jurisdiction.—Code, § 3362. In the absence of a statute, an officer levying an execution on personal property acquires a right of possession, and a special property. This right of possession and special property, and the duration of the lien after the return day, confers on the officer making the levy authority, notwithstanding the return day may have passed, to sell the property.—*Ryan v. Couch*, 66 Ala. 244; *Bondurant v. Buford*, 1 Ala. 359; Freeman on Ex., § 58.

The statutes provide for exemptions of personal property, and the manner in which the claim of exemption may be asserted. This may be done before the levy of an execution, by a declaration and claim in writing, describing the property selected, subscribed and sworn to by the claimant, and filed in the office of the judge of probate of the county in which he resides.—Code, § 2515. Section 2519 declares: "After such declaration of claim has been filed for record, the property therein embraced shall not be subject to levy, unless there is indorsed on the process the fact that there has been a waiver of exemptions as to the kind of property on which the levy is sought to be made, or the claim is contested." The right to an exemption, however, is not waived, or lost, by the failure to make and file for record a declaration claiming the same as exempt before the levy of the process. The defendant in the process may, at any time after the levy, and prior to the sale, claim the exemption, ; but, to constitute it valid and operative, he must file with the officer making the levy a claim in writing, describing the property, and verified by oath; and when the levy is on personal property, "he must file with his claim the statement of personal property, *choses* in action, and money, with the value and location thereof, as required by section 2555," on a contest of a claim of exemption to such property. Code, § 2521. When such claim is filed with the officer, it becomes his duty to notify plaintiff in the process, and if he fail to institute a contest within ten days, the levy must be discharged; but, if be institute a contest within the time prescribed, the statute provides that "the property shall not be sold by the officer until the contest is decided, but the lien thereon under the process or levy shall not be destroyed, or impaired by the pendency of the contest."—Code, § 2541. The effect is, not to exempt the property from levy, but to suspend the sale until the contest is decided, preserving the lien, if the contestant is successful. When no declaration and

[Mitchell v. Corbin.]

claim have been filed for record before the levy, the plaintiff in the process is entitled to have it levied, in order that he may acquire a lien, and to force a claim of exemption, which he may contest. And section 2540 declares : "If no declaration of claim of exemption has been filed in the office of the judge of probate, or if so filed, and the same is contested, no action shall lie against the officer levying the process, on the ground that the property levied on is exempt."—*Abbott v. Gillespy*, 75 Ala. 180. Under the statutes, personal property, though exempt, is subject to levy under execution, if no declaration and claim have been previously filed for record in the office of the judge of probate; and the property may be sold, unless, prior to the sale, a written claim of exemption is filed with the officer, as required by section 2521. Plaintiff could have protected himself against a levy without the preliminary institution of a contest, by filing for record a declaration and claim as provided by section 2515; but a claim of exemption made in any other manner, verbally, or in writing, does not have such effect and operation.—*Block v. George*, 83 Ala. 178.

In view of the foregoing principles and conclusions, its seems unnecessary, yet, to prevent misleading, we may properly allude to the remaining proposition relating to the measure of damages. In *Fields v. Williams*, *ante*, p. 502, following *Ewing v. Blount*, 20 Ala. 694, we held, that while regaining possession of the property before instituting suit does not exempt the wrongdoer from liability for the actual injury sustained by the owner, it goes in mitigation of damages; and in such case, the value is not the measure of damages. When the owner has regained possession, the measure of damages is the necessary and reasonable expense incurred in so doing, otherwise than by suit, and the hire, or value of the use of the property while deprived of its possession, and, if injured in the meantime, compensation for such injury. There is no evidence showing how long plaintiff was deprived of the possession, or the value of the use of the property, or that it was injured ; the only expense shown to have been incurred in regaining possession, was the amount expended in its purchase at the sheriff's sale. If the property was wrongfully seized and sold against the objection of plaintiff, the amount he paid for it, with interest, if not in excess of its value, is, in the absence of proof of other damage, the measure of his recovery; but, if he was present, and made no objection to the sale, and expressly or impliedly consented to the application of the proceeds to his own debt, he is entitled to recover only nominal damaegs. *Bates v. Courtwright*, 36 Ill. 518.

It follows from what we have said, that the execution was not void; and having been levied within the time in which it could have been properly made returnable, the officer was authorized to sell after the return day; and no declaration and claim of exemption having been filed for record before the levy, and no claim in writing filed with the officer thereafter, the property was subject to levy and sale.— *Wright v. Grabfelder,* 75 Ala. 460. On the undisputed facts, no trespass was committed by defendants.

Reversed and remanded.