# Friedman & Loveman *v.* Waldrop, *et al.*

*Bill to Redeem Lands from Mortgage and for Accounting.*

1. *Record of judgment cannot be contradicted in collateral proceedings.* Entries on the docket of a justice of the peace, and his endorsements on the back of an execution issued by him, are not admissible in a

[Friedman & Loveman v. Waldrop, et al.]

collateral proceeding to show that the execution, though bearing a certain date was in fact issued on another day, especially after the Circuit Court had by its judgment in an order to sell the land levied on under such execution found that the date of the execution was that shown by its face.

2. *Mere silence will not estop party from denying the validity of a sale under a void execution.*—Where a sale of land is void because the levy was made under an execution, the return day of which had passed, the mere fact that the defendant in execution had permitted such sale to proceed, and had surrendered possession without objection, will not estop his heirs at law from denying the validity of the sale.

APPEAL from Tuskaloosa Chancery Court.

Heard before Hon. THOMAS COBBS.

Bill by W. S. Waldrop and others against Friedman & Loveman to redeem certain lands from defendants as mortgagees in possession, and to have a sheriff's deed to the land cancelled. The court sustained a demurrer to the bill, but the decree was reversed.—90 Ala. 157. On final hearing on pleadings and proof, a decree was rendered in favor of complainants from which the present appeal is taken. An agreement of the parties incorporated in the record states the questions submitted as follows: "It is hereby agreed by the parties to the above entitled cause, that the following shall be, and are the questions in this cause, for the decision of the said court, or in the event of appeal, the Supreme Court: 1st. The question of estoppel as raised by the answer and amended answer. 2nd. The validity of the execution issued by Justice Rice, and of the evidence to show that the date thereof of January 29th, should read March 29th, and that the former date was a clerical error, and the latter date was the true date."

WOOD & MAYFIELD, for appellants.

HARGROVE & VANDERGRAFF, for appellees.

McCLELLAN, J—This case was here at a former term on an appeal from a decree sustaining demurrers to the bill. It was then held that the sale under an order of the Circuit Court, through which respondents claim title to the land, was void upon the facts alleged that the levy on which that order was based was made more than sixty days after the execution was issued by the justice of the peace, it appearing from the *teste* of the writ that it issued on January 29, 1878, and from the return of the sheriff endorsed thereon that it was levied April 10, 1878.—*Waldrop v. Friedman & Loveman,* 90 Ala. 157.

When the cause came on for final hearing certain entries on the docket of the justice of the peace, and certain endorsements made by him on the back of the writ, all of which appeared on the records of the Circuit Court, and are shown here both by transcript from those records and by the original docket and writ, were offered in evidence to show that although the writ bore date as of January 29, 1878, it was in fact issued on March 29, 1878. We do not think that this evidence can be received to show this fact in this cause. It may be that it would have been competent and controlling on a motion to amend the *teste* of the writ, if seasonably made and in the proper forum; and there are cases where an amendment "to cure clerical errors or defects obvious from the record, or, in other words, where the record discloses the error and supplies the *data* for its correction," will be considered as made in all collateral proceedings, though not formally made; but this is not one of them. Here, strictly speaking there was no record; the entry on the docket to the effect that the writ was issued on March 29, 1878, is of no greater dignity than a mere memorandum casually made by the justice of the peace, and it would be to do violence to established rules to assume that this memorandum shows that the *teste* of the writ which the law required the magistrate to make was erroneous, and furnished *data* for its correction. So too with the endorsement on the back of the writ, made, we will assume, by the justice of the peace: that was an extra official act, and while this and the docket entry with all other circumstances throwing light on the inquiry—as the date when the writ was received by the sheriff which is endorsed on the paper, &c., &c.—might be sufficient to justify the allowance of an amendment, on a motion to that end, in the proper court, we by no means feel warranted in this collateral proceeding in concluding that the record shows that the date of the writ is an error and furnishes the *data* for its correction, and therefore in treating the amendment as made, when the only certification of the date of issuance which the law requires to be made shows that the date was January 29, 1878. Very clearly the Chancery Court had no power to entertain a motion to amend the process of the magistrate's court, much less to treat it as amended in a vital particular on the showing made here. Moreover, the motion for the order of sale in the Circuit Court alleged that the execution was issued January 29th, 1878, and levied April 10th, following, and the order itself recites these facts, and thereby demonstrates its own invalidity. These facts thus become

[Frank, et al. v. Myers, et al.]

facts adjudged to exist by a court charged with the duty of finding and pronouncing judgment upon the facts in the premises; and they have become matters of record in that court. And the order or judgment entered in that court being void on its face, because of the existence of facts, which it found, and upon which it expressly and confessedly based its action, we can not conceive how it is possible for the Chancery Court, charged only with the duty of passing upon that record as it finds it to be, and declaring the legal effect of the order as it was made and entered on the rolls of the Circuit Court, to now declare that the order though void on its face, is yet valid because the real facts were not those alleged and found to exist in the Circuit Court. The chancellor, in our opinion, correctly ruled against the defense based by the respondents on this order of sale alone.

The other matter relied on in connection with the purchase of the land as respondents' grantors at the sale made under the order we have been considering, namely, that complainants are estopped to question the validity of that sale and respondents alleged title, requires little consideration. The evidence fails to establish any element of the estoppel pleaded. The testimony does not tend in any degree to show that the complainants, or their ancestor, Ezekiel Waldrop, ever did or said anything or omitted to say or do anything that they ought to have said or done by way of inducing the purchase of this land by respondents' grantors at the sale made by the sheriff which would render it inequitable for the complainants to have the relief they now seek.

The decree of the Chancery Court is affirmed.

Affirmed.