# Johnson *v*. Motlow.

### *Motion To Satisfy Judgment.*

(Decided Nov, 19, 1908. 47 South. 568.)

*Judgment; Satisfaction; Proceeds of Sale of Exempt Property.* Where the sheriff is not indemnified, a purchaser at an execution sale buys at his own risk, and is liable for the amount of his bid, though the property was improperly sold, because exempt, and a recovery therefor was afterwards had for its value against the officer selling it; and, hence, where two judgments were recovered against two defendants for the same debt, and the exempt property of one of them was sold and the proceeds applied in part satisfaction of the judgment against him, payment of the balance of the judgments by the other defendant satisfied the judgments in full and operated ipso facto to discharge the judgment against such other defendant, except as to costs.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Thomas L. Johnson, against Spoon Motlow. From a judgment granting defendant's motion

[Johnson v. Motlow.]

to have judgment against his satisfied, M. B. Johnson, plaintiff's executor, appeals. Affirmed.

Appellant's intestate sued Collier, and recovered a judgment against him in the sum of $865. The suit grew out of money won by Collier on a wager from Johnson. Johnson also sued Motlow, and recovered judgment against him for $461.33, besides costs of suit. On appeal to the Supreme Court this judgment was affirmed, and 10 per cent. damages added. Johnson procured execution against Collier, and had it levied on certain property of Collier, and had the same sold. The amount realized at such sale was $525.37. Collier brought suit against Johnson and the sheriff for trespass for selling the property, which he had claimed as exempt to him, and recovered judgment against Johnson and the sheriff for vindictive damages, which included the value of the property. Motlow paid into court the sum of $456.64, and entered a motion to have the judgment against him satisfied, and such was done.

GEORGE D. MOTLEY, for appellant. Motlow could not claim the proceeds of sale of execution against Collier by having the proceeds placed to the credit of Collier where Collier had repudiated the sale by suing the sheriff for conversion; for where an execution debtor, although he claims his exemptions, expressly or impliedly consents to the application of the proceeds to his own debt, he is entitled to recover only nominal damages.— *Mitchell v. Corbin*, 91 Ala. 599; *Bates v. Courtright*, 36 Ill. 518; 18 Cyc. 1456-7.

GOODHUE & BLACKWOOD, for appellee. The following cases declare the rule in Alabama applicable to the case at bar.—*Thomas v. Glazner*, 90 Ala. 537; *Goodbar, White & Co. v. Daniel*, 88 Ala. 588; *McCartney v. King*, 25 Ala. 681. The following cases from other jurisdic-

[Johnson v. Motlow.]

tions are also cited.—*Hill v. Loomis,* 6 N. H. 263; *Cohn v. Lewis,* 64 Tex. 331; *Ex parte Hunt,* 62 Ala. 1; 18 Cyc. 1464.

ANDERSON, J.—The proceeds of the sale of defendant's property, under the execution on the Collier judgment, was pro tanto a satisfaction of the said judgment, and it matters not that the property sold thereunder was the defendant's exemptions, and that defendant subsequently secured a judgment against Johnson and the sheriff, in trespass, for taking same. As was said in the case of *Goodbar v. Daniel,* 88 Ala. 588, 7 South. 256, 16 Am. St. Rep. 76: The question whether a purchaser at sheriff's sale will be relieved from the effect of his bid, on its being made to appear that the defendant in execution had no title whatever to the thing supposed to be sold, or whether his bid is an irrevocable satisfaction of the judgment to the extent of the sum bid at the sale, it one on which the authorities are about equally divided. Freeman on Judgments (3d Ed.) § 478; 2 Freeman on Exemptions (2d Ed.) § 54. The question was settled in this state, as far back as the year 1854, in the case of *McCartney v. King,* 25 Ala. 681. The principle was stated by Judge Goldthwaite: "The true doctrine, we think, is this: The purchaser, where the sheriff is not indemnified, buys at his own risk, and, if it should turn out that the defendant in execution has no title to the property, he is notwithstanding liable for the amount of his bid."

By analogy the said rule would apply, though the property belonged to the defendant, but, because exempt was improperly seized and sold, and the officer was subsequently made liable for same in an action of trespass. The bid being a credit on the judgment, the fact that the defendant subsequently got a judgment against the sheriff and the plaintiff for taking the property under

the execution did not operate to vacate the satisfaction pro tanto of the former judgment. Under the foregoing rule, upon payment of the balance due upon Collier's judgment, it was satisfied in full, and, as it included the identical debt for which Johnson also obtained a judgment against Motlow, the satisfaction of the former operated ipso facto to discharge the latter, except as to costs, and as the costs were paid the movant was entitled to a satisfaction of the judgment against him, and the trial court properly granted the motion and ordered the judgment satisfied.—*Abercrombie v. Conner*, 10 Ala. 295; *Lockhart v. McElroy*, 4 Ala. 572. The case of *Mitchell v. Corbin*, 91 Ala. 599, 8 South. 810, has no bearing on the question presented by this record.

The judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.