# Williams *v.* Bradley.

*Bill to Declare and Enforce Attorney's Lien.*

(Decided April 9, 1914.  Rehearing denied June 4, 1914.
65 South. 534.)

1. *Attorney and Client; Compensation; Lien.*—An attorney has a lien on a judgment or decree obtained by him for his client, to the extent of the compensation agreed on between them, or if no specific compensation has been agreed upon, then for a reasonable compensation.

2. *Same; Extinguishment; Judgment; Satisfaction.*—Where property of a judgment debtor was sold under execution on a judgment on which the attorney procuring it had a lien for fees, and the property was purchased by the judgment creditor, and the judgment used in part payment of the purchase price, the judgment was thereby satisfied, and the lien barred.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by S. P. Bradley against W. T. Williams to declare and enforce a lien for attorney's fees.  From a decree overruling demurrers to the bill respondents appeal.  Reversed and rendered.

BURGINS, JENKINS & BROWN, for appellant.  The provisions of § 3011, Code 1907, are not retroactive.—*Lehart, et al. v. Deedmeyer,* 48 South. 371.  Where property is levied on and sold by direction of the judgment creditor who uses the judgment in payment of the purchase price, there is a satisfaction of the judgment.—*Thomas v. Glazener,* 90 Ala. 537; *Johnson v. Motlow,* 157 Ala. 405.  The attorney's lien was therefore barred, and the court erred in overruling demurrers to the bill.—*Connor v. Boyd,* 73 Ala. 305.

W. K. TERRY, for appellee.  A general demurrer tests the equity of the bill and goes only to defects in

the substance.—*McDuffie v. Lynchburg S. Co.,* 59 South. 567.    The averrments of the bill were confessed on demurrer.—*Hix v. Dadeville O. M. Co.,* 59 South. 57.    An attorney has a lien of which no one can deprive him.— *Fuller v. Clements,* 158 Ala. 340.    He becomes the equitable assignee of the judgment to the extent of the compensation and disbursement justly due him.—*Mosely v. Norman,* 74 Ala. 424.    A court of equity is the proper place to enforce it.—*Greil Bros. v. Montgomery,* 62 South. 964.    The court should not overlook the distinction between the attorney's lien before and after judgment.—3 A. & E. Enc. of Law, 466; 4 Cyc. 1015.

McCLELLAN, J.—This bill seeks the declaration and the enforcement of a lien in complainant's (appellee's) favor for his satisfaction for services rendered by him as an attorney.    Demurrer of the respondent, W. T. Williams, to the bill was overruled, and he appeals.

Complainant (appellee) was a practicing attorney in Birmingham, Ala., in November, 1903.    He was at that time employed by W. H. Crawford to collect a promissory note for $500, payable to said Crawford, and signed by G. W. Crawford and Claude Brewer, and indorsed on the back by W. T. Williams and R. L. Ivey. On November 12, 1903, he, as said attorney, instituted suit upon the note against said Williams and Ivey, and on the 2d day of January, 1904, judgment was rendered in plaintiff's favor for the sum of $604.    Said sum was made up of $500, the principal debt, $49.99, the accrued interest thereon, and $54.01, an ascertained, proven, and allowed reasonable attorney's fee.    The bill avers that "said fee was allowed him [complainant] for his services as reasonable compensation in and about obtaining said judgment."    The note there sued on contained these provisions:

"The makers and indorsers of this note hereby expressly waive all right to claim exemption allowed by the Constitution and laws of this or any other state, and agree to pay costs of collecting this note, including reasonable attorney's fee, for all services rendered in any way in any suit against any maker or indorsee, or in collecting or attempting to collect, or in securing or attempting to secure, this debt, if this note is not paid at maturity."

Execution was issued on the judgment on, to wit, January 3, 1913. It was levied on real property of the defendant, Williams. At the sale under this execution on April 2, 1913, Crawford, the plaintiff in execution purchased the property at the sum of $1,128.00, the aggregate of the aforesaid judgement *and* interest thereon *and* $68.42, the court costs in that proceeding. The sheriff made conveyance in the usual way to the purchaser (plaintiff in execution), reciting, however, that only the costs, in the mentioned sum, were paid to him. The bill avers that this conveyance was made without complainant's consent. On May 24, 1913, Williams effected the redemption of his land so sold and so purchased by Crawford (plaintiff in execution); the conveyance to Williams reciting a consideration of $1,128, the sum at which the purchaser bid at the execution sale. It is further averred that complainant has not been paid his attorney's fee, so earned, that he was and is the equitable assignee of said judgment against Williams and Ivey to the extent of his attorney's fee for services rendered in its procurement, and that "he is entitled to have an execution issued under said judgment against the defendants in said judgment to the extent" of his attorney's fee for services so rendered. It is further averred that the lien, in favor of complainant, for his fee attached to the judgment and to the lien of the

judgment charged upon the land when the aforesaid execution was levied thereon.

It is well to note that our statute (Code 1907, § 3011) making provisions for liens in favor of attorneys,. became effective in 1908, upwards of four years after the rights complainant would assert came, if at all, into existence. That statute is not a factor in this cause.

It has been long esablished with us that an attorney has a lien upon a judgment or decree, obtained by him for his client, to the extent of the compensation the client has agreed to pay him, or, if no specific compensation is agreed upon between him and his client, then for reasonable compensation for the services rendered. —*Warfield v. Campbell*, 38 Ala. 527, 82 Am. Dec. 724; *Moseley v. Norman*, 74 Ala. 422.

"The theory upon which the particular lien rests is that from the day of its rendition the attorney or solicitor is regarded as an equitable assignee of the judgment, to the extent of the compensation and disbursements justly due him."

Necessarily, the lien's office and effect is to assure the attorney's compensation for services rendered, in the particular matter progressing to the judgment, for the client, to secure the satisfaction of a demand against the client; and, in consequence, the lien is a charge alone upon the client's property in the judgment in the client's favor.

The subject-matter of the lien, viz., the judgment, becomes extinct, if the judgment is paid in full.

"When property is levied on and sold by direction of the plaintiff in execution, and he bids it off, at a price sufficient to pay the entire judgment, the law appropriates the bid to the discharge of the execution and satisfaction of the judgment, notwithstanding he may refuse to accept the property."—*Thomas v. Gazener*, 90 Ala.

537, 8 South. 153, 24 Am. St. Rep. 830; *Johnson v. Mot-low,* 157 Ala. 405, 47 South. 568.

Manifestly, that which by the law's orderly and valid processes has been made or becomes extinct cannot be or remain the subject of the charge of a lien. With this judgment extinguished in a perfectly lawful manner by the levy upon and sale of defendant's property, certainly there could be no possible further liability against or exaction of the defendant in the judgment. No fraud of any character is charged or imputed to him. He was wholly acquitted when the judgment was satisfied. His redemption of the land from the purchaser at the execution sale is not shown to be affected with any mala fides.

The complainant's remedy for his compensation is at law against his client. Even a *compromise* by an insolvent client of the judgment or decree obtained by the attorney will not be surveilled or interfered with (unless required by statute) by a court of equity, on a petition in the cause wherein the professional service was rendered, with the result of depriving the client of the unquestioned right to make such settlement as he may choose of his suit after decree, much less by rendering judgment or decree against the client's adversary for the compensation of the client's solicitor.—*Connor v. Boyd,* 73 Ala. 385.

The bill is without equity as to W. T. Williams, and his demurrer was erroneously overruled. To that extent the decree is reversed, and decree will be here rendered sustaining his demurrer.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.