19 So.2d 607

## BAILEY REALTY & LOAN CO. v. BUNTING.
### 4 Div. 812.

Court of Appeals of Alabama.
May 23, 1944.

Rehearing Denied June 6, 1944.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

O. S. Lewis, of Dothan, for appellee.

RICE, Judge.
On July 15th 1942, in the Court of Common Pleas of Dothan, Alabama, a court

comparable in all respects here material to a court of a Justice of the Peace, appellant recovered a judgment against appellee for the sum of $15.46 and costs of court.

On July 18th, 1942, appellant's attorney made affidavit before the Deputy Clerk of the Circuit Court of Houston County as to the recovery of this judgment, and that the City of Dothan, a municipal corporation, was supposed to be indebted to appellee, and that in the belief of appellant's attorney it was necessary, to obtain satisfaction of said judgment, to have process of garnishment against the said City.

Pursuant to the affidavit, the Clerk of the Court of Common Pleas on July 18th 1942, issued a writ of garnishment to said garnishee, summoning it to appear and answer as to its indebtedness to said appellee. This writ was duly served on the day of its issue.

On July 27th, 1942, appellee filed a motion to quash the writ of garnishment upon the grounds that it was improvidently issued, and also that it was issued less than five days after the judgment was recovered, —no special affidavit having been filed in accordance with the Code section hereinafter to be cited.

On August 19th, 1942, the Judge of the Court of Common Pleas denied appellee's motion to quash said writ of garnishment.

Garnishee filed its answer; and, after contest of same, judgment was duly entered in favor of appellant and against garnishee for the sum of appellant's judgment, interest and court costs.

A writ of common law certiorari was granted; and upon the hearing of same, the following judgment was entered by the Judge of the Circuit Court, to-wit: "It is upon consideration by the Court, ordered and adjudged that'the said judgment of the said Court of Common Pleas of Dothan, Alabama, made and entered on the 19th of October, 1942, condemning money in the hands of the said City of Dothan, which belonged to petitioner be and the same is hereby vacated and annulled, and held for naught, and garnishee discharged and that the said Bailey Realty Company pay the cost of this proceeding, for which execution may issue." This appeal followed.

█ As the parties agree, the sole and only question involved on this appeal is: "Whether or not a writ of garnishment can issue in less than five days for the collection of a judgment recovered in the Court of Common Pleas of Dothan, Alabama, without making a special affidavit that the defendant is about to fraudulently dispose of his property and thereby cause plaintiff to lose his debt?"

We think the answer to the question is found in the statutes made and provided; and that the learned trial court correctly construed same in answering the question in the negative. We will note them, briefly.

But first, let it be said that there is no question but that the Court of Common Pleas of Dothan, Alabama, "shall conform to and be governed by the rules of practice and procedure that are now or that may hereafter be made applicable to justices of the peace of this state." Local Acts Ala. 1923 p. 288 (289).

And it is admitted that no special affidavit was made by appellant (plaintiff, below) as provided in Code 1940 Title 13, Sec. 458, whereby, under the provisions named, the justice (Court of Common Pleas) "must issue execution * * * *immediately.*" (Italics ours).

The Code sections, then, the notation of which was promised above, are these: Code 1940, Title 7, Section 996, providing: "The plaintiff * * * in any judgment or decree *on which execution can issue* may obtain process of garnishment * * *." (Italics ours).

Code 1940, Title 13, Section 456, providing: "*After* the lapse of five days from rendition of judgment by a justice of the peace, if an appeal is not taken, the justice must, unless otherwise directed, issue a writ of fieri facias for the satisfaction of the judgment * * *." (Italics ours).

The plain language of the Code sections hereinabove cited conclude the matter, as we see it.

█ The language in Code Section 996, Title 7, supra: "Judgment * * * on which execution can issue"—which forms the basis for the issuance of the writ of garnishment, seems to need no construction. "Can issue," as there used, plainly means "can rightfully issue." The very definition of the word "can," as given by Webster's New International Dictionary, is: "To be enabled by law—; to have a right to; as, the lower house alone *can* initiate financial measures."

And it is definitely decided in this State that no execution *could (rightfully,* without being subject to being quashed) have is-

sued upon the judgment extant in the Court of Common Pleas, at the time the writ of garnishment was issued in this case. Waldrop v. Friedman & Loveman, 90 Ala. 157, 7 So. 510, 24 Am.St.Rep. 775; De Loach v. Robbins, 102 Ala. 288, 14 So. 777, 48 Am.St.Rep. 46.

It seems the judgment appealed from is in all respects correct. And it is affirmed.

Affirmed.