OPINION of the Court, by
Judge Trimble.
— Ow-ings and company brought an action of assumpsit, against Trotter and Scott, for goods, wares, merchandise and castings, sold and delivered, as the declaration *158 alleges, by the plaintiffs, to the defendants. The ⅜⅛ fendants pleaded the general issue, with leave to give special matter in evidence. Upon the trial of the cause in the court below, the plaintiffs filed two bills of exception to the opinions delivered by the circuit court, jn the progress of the trial. By the first, it appears that the defendants offered in evidence, two notes for the delivery of castings, signed by George Nicholas, who was at the time of the transaction, both a partner and agent of Owings and company; but he neither, in the body of the notes, nor in his signature, describes or cha-racterises himself as partner or agent. The notes howeveri stipulate that the castings shall be delivered at “ our current prices,” thereby seeming to have an allu-sj0n to a company or firm.
If the caftings defef dants on the orders of one /ar/ser, drawn to pay his pn~ vate debt, the fanner was the debtor for the firm, and not the defendants,
If the tattings for the purpose of discharging Jiotes signed by Orle yOTTnCV (not as agent or partner) but transaction °for the firm, the notes were pro. fn^evidence*s
These questions of fact, beleftTTthe jury to be de-tided by the e.
wftructhn to the jury, is asked of the courts they may overrule the motion, without giving any in-ftructíon upo» the points of law involved.
*158 ^ a^s0 aPPears the bill of exceptions, that it was. proved on the part of the defendants, that for most or aH 0f the castings, the said Nicholas drew orders oil, t^e managers of the company at the furnace, which were given up upon obtaining the castings ; and that George Nicholas, delivered the castings in order to discharge j bonds or notes given by him, and held by the «. J 1 J QCiCndcUltrio
The plaintiff moved the court to instruct the jury u unless it is proven to them that the notes signed by George Nicholas, were given by said Nrcnolas, for an¿ on behalf of the company, for a company transaction, ⅛0 disregard them and not allow them as a ere-dit to the defendants. I his instruction the court re~ fused to give ; and the question in this court is, whe-t0 )lave l5een given or not.
. # ⅜ , , « The first reason assigned by the circuit court tor not giving the instruction, to wit '• “ that it is a doubtful fa^t, proper for the decision of the jury, whether the notes were given by George Nicholas, on his own individual account, or on account of Owings and company,” SUI‘ely not ”ery sound. The matter of fact, whether doubtful or not, was proper for the decision of the jury ; bot that did not excuse the court from the fulfilment of ^e'r duty, Had the question of right depended solely upon the fact of the notes being or not being given on. account of the company, or for a company transaction, court ought to have instructed the jury, that if they believed, from the evidence, the notes wer$ given ort *159 George Nicholas’s individual account, they should be disallowed ; but if, from the evidence, they believed the notes were given by him as partner or agent, and on a company transaction, they were proper discounts ; thus deciding the law of the case* and leaving the facts with the jury.
If a proper in®? ilruction to the jury is asked for, the court is bound to give it, but they are not bound to in. ftruct the jury unless required by one or the other party to do so.
Parol evidence admissible to prove that a note figned by one of a firm, individually, was given ora account of part, nerfliip transaction,
But the second ground or reason assigned by the circuit court, for refusing the instruction asked for, to wit: that it appeared from the evidence, the castings were delivered upon the orders of George Nicholas, is deemed satisfactory. For although the notes were given by Nicholas on his own account, yet if the castings were delivered upon his orders, in discharge of the notes held by the defendants, the defendants were entitled to a credit, deduction, or abatement to the amount of the notes. In that case the castings delivered should, to the amount of the notes, be considered as payment of the notes ; and George Nicholas, upon whose orders they were delivered, not the defendants, would be debtor to the company for the amount.
From this view of the subject it is obvious, that if the court had given the instruction required, the jury would have been led astray thereby, and their attention would have been confined to one feature only, to the neglect of another important feature, of the case before them.
Had the court been moved to instruct the jury, that the defendants ought not to be allowed a credit or discount on account of the notes, unless they were of opinion, from the evidence, either that the notes were given on account of a company transaction, or that the castings were delivered upon G. Nicholas’s orders, in discharge of those notes, the instruction ought to have been given ; because it would have embraced the law arising on the whole case. But the instruction as asked, embraced part of the case only; if given, would have embarrassed and led astray the jury ; and therefore ought not to have been given as required. The court, it is true might, in this motion, have given the proper instruction, or they might have done it without: being moved for any instruction, but it does not from thence follow that they were bound to give it. It is enough that they were not, by law, bound to give the instruction as asked; they were not bound to give any *thsr,
*160 if tvííí be unnecessary to take further notice of ths second bill of exceptions than to remark, that in it the court appears to have been required to instruct the jury, unconditionally, that the notes should not be allowed as a discount; thereby attempting to cut off the enquiries, whether they had been given on account of the company, and whether the castings had been delivered on Nicholas's orders in discharge of the notes.
Upon the whole, we are of opinion, there is no error in the opinions objected to, — —Judgment affirmed,