PAYNE ET ALS. *vs.* THE GOVERNOR, USE, &c.

1. If a writ issued from a court of competent authority has been superseded, after it has come into the hands of the proper officer, it is the duty of the party against whom it issued to have the officer notified of the supersedeas, in such manner, that he will be protected in refusing to execute the writ.

2. An officer, having a valid execution in his hands, must be served with a written order from competent authority, requiring him to suspend all action upon it, before he can be held liable for obeying its mandate.

ERROR to the County Court of Mobile.

PAYNE, the plaintiff in error, with sureties on his official bond as constable, was sued by the Governor for the use of Geo. W. Torrance to recover for selling a quantity of wood, which he had levied on under an execution in his hands, after the execution had been superseded by *certiorari.* The defence relied on was that Payne, the constable, had no sufficient notice of the *certiorari* and supersedeas. It appears by the bill of exceptions that the constable had in his hands, at the time, the execution refered to and an order of sale issued by the justice of the peace on an attachment, and that the justice, on whom the *certiorari* and supersedeas were served, issued no written notice to the constable requiring him to suspend proceedings under the execution and the levy he had made thereon, but merely informed him verbally that the supersedeas had been served on him, and that he did not believe it affected the execution, though of that he must judge for himself. The court charged the jury that if the constable was informed by the justice that a supersedeas had issued, he ought to have examined it, and if he proceeded to sell without doing so, he was liable on his bond for a breach of official duty. This is now assigned as error.

RAPIER, with whom was HOPKINS, for the plaintiffs in error: The charge of the County Court was erroneous, because it insisted that the constable was a mere ministerial officer; that he was entitled to an official notice from the justice of the peace, whose process he was executing, and that a mere casual remark by the justice of the peace that a *certiorari* had been served upon him, was not an official notice; and secondly, because the charge implies that it was a violation of the constable's official duty to sell after levy made.—9 Johns. 66; 13 Wend. 664.

JARNAGIN, for the defendant:

The plaintiff in error, upon receiving notice of the award of the *certiorari* in this case, should have re-delivered the property levied on to defendant in error and returned the process to the Circuit Court, or he became liable and would not be protected upon a sale by an indemnity bond.—See Murray, adm'r, v. Ezell, 3 Ala. 148.

It is not essential to the efficacy of a supersedeas, that it should be executed by a sheriff or other officer; but a delivery of a supersedeas by the defendant in execution, or other person, to the officer who has in his hands the process to be superseded, is effectual for all legal purposes.—Welch v. Jones, 11 Ala. 660.

DARGAN, C. J.—An officer, who obeys the mandate of a writ issued from a court of competent authority, must be protected by law, so long as he acts within the line of his duty,— (Lyon v. Goree, 15 Ala. 36; Cogburn & Powell v. Elliott & Spence, 15 ib. 549,)—and if the writ has been superseded, then it is the duty of the party, against whom it issued, to have the officer notified of the supersedeas in such manner that he will be protected in refusing to proceed with the execution of the writ. These rules we think too obvious to be controverted, and applying them to the bill of exceptions, they show that the court erred. The executions, under which the wood was sold, had been issued to the constable and levied before the order for a *certiorari* and supersedeas had been obtained. They were served on the justice of the peace, it is true, before the sale, but he issued no order of supersedeas, nor had the constable any notice of the supersedeas, so far as is disclosed by the bill of exceptions, except in a casual conversation between him and the justice of the peace, in which the justice expressed his doubts, whether the executions were superseded or not, although he thought the order of sale which he had also issued was suspended.

We can lay down no other rule of intercourse between a constable and a justice of the peace than that which obtains between the Circuit or County Court and the sheriff; and we apprehend that it would not be denied, that the sheriff must be served with a written order, requiring him to suspend all action upon an execution in his hands, before he could be made liable for executing it. When a supersedeas is issued to him by proper authority, he is bound to obey it, and this will be his protection; but we do not perceive how he could be protected by a conversation *with the clerk, or even with the judge, in which* he was told the writ was superseded, if in fact it was not. The sheriff may, therefore, require a supersedeas to him directed, before he can be made a trespasser for executing the writ, and

if this be not served on him, and he proceeds to sell the property of the defendant, we see no reason, or justice, in holding the sheriff liable. This view shows that the court erred, for it is not pretended that any supersedeas was issued to the constable. He acted under executions lawfully issued, and instead of their being superseded in any manner by the justice of the peace, in the conversation shown to have taken place between them, the justice expressed the opinion that he might proceed to sell under the executions, notwithstanding the *certiorari* and supersedeas that had been served on him, the justice ; but that he could not sell under the order of sale, which was a distinct process. Such intercourse as this between the justice and his constable, cannot be considered as of an official character, and the constable is not bound to regard it. It is his duty to obey the mandate of the writ, and if this has been superseded, then he should be commanded not to execute it, and this command should be of such a character as to afford him protection.

As the ruling of the court, as shown by the bill of exceptions, is opposed to the view we have taken, the judgment must be reversed, and we do not think it necessary to examine the question, whether the declaration shows a breach of the official bond of the defendant as constable.

Let the judgment be reversed and the cause remanded.