## SHEPPARD vs. SHELTON.

[ACTION ON SHERIFF'S OFFICIAL BOND.]

1. *Waiver of error in sustaining demurrer to complaint.*—If the plaintiff amends his complaint, after demurrer sustained to the original, and proceeds to trial on it as amended, he thereby waives his right to review on error the ruling of the court sustaining the demurrer.

2. *Place of selling property under execution.*—In an action on a sheriff's official bond, against him and his sureties, to recover damages for his wrongful act in selling cattle under execution at a place not authorized by law, (Code, § 2446,) a plea in bar, averring that the place where the cattle were sold was " a place in the neighborhood where they were levied on, and the most convenient place thereto at which they could be sold for the best price," presents a full defense to the action.

3. *Trespass ab initio by abuse of legal process.*—If a sheriff sells the entire interest in a chattel belonging to two joint owners or tenants in common, under execution against one of them, he is liable as a trespasser *ab initio* at the suit of the other, but not at the joint suit of both.

4. *Misjoinder of parties plaintiff.*—Where the entire interest in a chattel, belonging to two joint owners or tenants in common, has been sold by the sheriff under execution against one of them, at a place not authorized by law, they cannot unite in an action on the sheriff's official bond against him and his sureties; the remedy of one being an action on the case, and that of the other trespass or trover.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by F. B. Sheppard and C. B. Hopkinson, against James T. Shelton, and the sureties on his official bond as sheriff of Mobile county ; the complaint being in the following words : " The plaintiffs claim of the defendant one thousand dollars, for the breach of the condition of a bond made by the defendants on the 4th day of August, 1858, payable to the State of Alabama, with condition as follows," &c., (setting out the condition of the bond, in the usual form.) "And the plaintiffs say, that the condition of said bond has been broken by the defendants, in this : that the said Shelton, being sheriff of Mobile county, did, by virtue of an execution issued out of the city court of Mobile, on the 27th August, 1858, in the case of W. R. Smith v. F. B. Sheppard, and returnable to the December term of said court, levy near Mount Vernon in said county on a certain stock of cattle, consisting of twenty-five head, belonging to the plaintiffs ; and that he (said Shelton) did remove said stock of cattle to Jack Neely's,—the same not being the residence of said F. B. Sheppard, nor any other place authorized by law for the sale of said property, and, on the 12th October, 1858, at said Jack Neely's, did sell said cattle; to plaintiffs' damage as above stated." The court sustained a demurrer to this complaint, and the plaintiffs then added the following words by way of amendment : " They say that said Shelton removed said stock of cattle, so levied on as aforesaid, to Jack Neely's, the same not being the residence of the plaintiffs, or either of them, nor the courthouse of the said county, nor the place where said property was levied on, nor the neighborhood thereof."

To the amended complaint the defendants filed a plea in these words : " Defendants aver, that said cattle were levied on in the woods, and were removed to Jack Neely's, and there sold, it being a place in the neighborhood where they were levied on, and the most convenient place thereto at which they could be sold for the best price." To this plea the plaintiffs demurred, on the two specified grounds—1st, " because it states a conclusion of law," and, 2d, " because it is not sufficient, in law, that the place where the property was sold should be the most

convenient place to the defendant's residence, where it would bring the best price." The court overruled the demurrer, and issue was then joined on the plea.

"On the trial," as the bill of exceptions states, after the plaintiffs had read in evidence the bond and execution described in the complaint, "they then proved that, under and by virtue of said execution, the cattle mentioned in the complaint were levied on by one John W. Moore, a deputy sheriff, at a place about two miles from Mount Vernon in said county; and that said Moore, when about to make the levy, was informed by Sheppard that said Hopkins was jointly interested with him in said cattle. The plaintiffs introduced evidence, also, tending to show their joint ownership of said cattle, and that they were in the possession of said Sheppard at the time of the levy. The evidence on the part of the plaintiffs further showed the following facts: That Sheppard resided about one mile from Mount Vernon; that said cattle, so levied on as above stated, were removed to the house of one Jack Neely, which was about five miles from the city of Mobile and the court-house of said county, and about twenty-five miles distant from the residence of said Sheppard, and from the place where the levy was made; and that said cattle were sold at said Neely's, on the 25th October, 1858, to the highest bidder, by the said Shelton as sheriff, under and by virtue of the said execution, as the sole and separate property of the said F. B. Sheppard. The evidence showed, also, that the cattle brought their full value at said sale, as much as they would have brought at public sale at the residence of said Sheppard, or at the place where they were levied on, or at the court-house of the county; and that the proceeds of said sale had been applied to the satisfaction of said execution in favor of Smith against Sheppard, and of another execution in favor of Mazange & Co. against said Sheppard.

"Upon this evidence, the court charged the jury, among other things, that if they believed the cattle belonged to Sheppard alone, or to Hopkinson alone, the defendants were entitled to a verdict; and that in reference to the point urged by the defendants—viz., that the

plaintiffs could not jointly recover under the evidence in this form of action—as it had only been made in the closing speech, and the plaintiffs insisted on their right to recover in the joint action, the cause would be left to them as it had been presented by the evidence and the arguments, particularly as that ground had not been assigned or referred to in the demurrer to the complaint.

" The court charged the jury, also, that if they believed the cattle belonged to the plaintiffs, and were levied on under the execution against Sheppard alone, and were sold under said execution by said Shelton, as sheriff, at a place not in the neighborhood of Sheppard's residence, nor of the place where the levy was made, nor at the court-house of the county, as the sole property of Sheppard, then the plaintiffs were entitled to recover the full damage that had been sustained ; that in determining this damage, they should take into consideration the amount of money (if any) paid by Shelton, from the proceeds of the said sale of the cattle, in satisfaction of the executions against Sheppard ; and that if the property realized at the sale as much money as it would have brought at a place authorized by law, or more, and the entire proceeds of sale were applied to the satisfaction of executions against Sheppard individually, they could only find nominal damages in this action. To this charge the plaintiffs excepted.

" The court also charged the jury, at the request of the defendants, that though the cattle may have been the joint property of the plaintiffs, yet, in this suit, they cannot give the value of Hopkinson's interest as damages. To this charge, also, the plaintiffs excepted.

" The plaintiffs requested the court to instruct the jury, ' that if they believed the cattle sued for belonged to the plaintiffs in this suit jointly, and were levied on by Shelton, as sheriff, under an execution against F. B. Sheppard individually, and were sold by him at Jack Neely's ; and further, that Jack Neely's was not in the neighborhood of the residence of either of the plaintiffs, nor of the place where the cattle were levied on ; and that the cattle were sold as the property of F. B. Sheppard alone,—then the

defendants are liable to the plaintiffs, and the jury must render a verdict in their favor, for the market value of the cattle at the time of the levy.' This charge the court refused to give, and the plaintiffs excepted."

The errors now assigned are, the sustaining of the demurrer to the original complaint, the overruling of the demurrer to the plea, the charges given by the court to the jury, and the refusal of the charges asked.

H. F. DRUMMOND, for appellants.

E. S. DARGAN, *contra*.

R. W. WALKER, J.—The appellant can take nothing by showing that the court improperly sustained the defendant's demurrer to the original complaint. He waived his right to review that decision, by amending his complaint, and proceeding to trial upon it as amended.—Stallings v. Newman, 26 Ala. 300.

2. If it be admitted that the amended complaint stated a substantial cause of action, the plea interposed presented a full defense.—Code, § 2446.

3. In Smyth v. Tankersley, 20 Ala. 212, it was said by this court, that "the sale by an officer, of the entire property in goods owned by two jointly, under an execution against one of them, is an abuse of his legal authority which renders him liable as a trespasser *ab initio*."—See, also, Waddell v. Cook, 2 Hill, 49, note (*a*); Melville v. Brown, 15 Mass. 82. But all the cases, in which this principle has been applied, have been cases in which the suit against the officer was brought, not by all the tenants in common, but only by those who were not defendants in the execution, and whose property had been applied to the satisfaction of a judgment to which they were strangers. We have found no case, in which it has been decided that a sale by the sheriff of the entire property, under an execution against one of several tenants in common, would render him liable to an action by all the joint owners. It seems to us that the demands of justice are satisfied, and legal principles vindicated, by holding that a sheriff, who sells the entire property in a

chattel owned by two tenants in common, under an execution against one of them, is guilty of an abuse of legal authority, which renders him liable to the other joint owner, to the extent of the latter's interest in the property, as a trespasser *ab initio*. The sale works a severance of the interests, and the injured tenant in common may maintain a separate action against the officer; but such a sale constitutes no cause of action in behalf of the tenant in common who is the defendant in execution.—See Waddell v. Cook, 2 Hill, 49, note (*a*); Phillips v. Cook, 24 Wend. 397; Owings v. Trotter, 1 Bibb, 157; Jones v. Yates, 9 Barn. & Cress. 532; Ladd v. Hill, 4 Verm. 164; Drake on Attachments, § 248, and cases cited; Williams v. Hartshorn, 31 Ala. 155.

The facts of the present case illustrate the propriety of the rule as here stated. The execution was against one of two tenants in common, and the entire property was sold under it for its full value, and the proceeds applied in discharge of the execution. If the tenant in common whose debt has thus been satisfied by the proceeds of the sale, can now join his co-tenant in an action against the sheriff to recover damages of him for making the sale, it is obvious that the latter would have no right to reduce the demand by setting off the whole or any part of the amount so applied in satisfaction of the judgment against one of the joint owners; for that would be to set off a demand due by one of two plaintiffs, against a demand in favor of both of them. A proposition which would lead to a result so absurd and unjust, cannot receive our sanction. So far, therefore, as the act of selling the entire property constituted a cause of action at all, it was one which accrued to Hopkinson alone; and if that is the *gravamen* of the action, Sheppard was improperly joined as a plaintiff in the suit.

4. It is provided by section 2446 of the Code, that "lands, slaves, horses, mules, jacks and jennets, when levied on by execution from courts of record, must be sold on the first Monday in the month, at the court-house of the county; other property may be sold on any day except Sunday, either at the court-house, the resi-

dence of the defendant, the place where levied, or the neighborhood thereof, as may be most expedient." In reference to that part of the foregoing section which relates to the sale of "*other property*," it is obvious from the language employed that the sheriff is necessarily invested with some discretion in selecting the place of sale. If he sells property, of the class here designated as "*other property*," at a place not embraced by the terms of the statute, the most that could be said is, that he has been guilty of an irregularity in the discharge of his duty, which would make the sale voidable at the instance of a party to the process, or render the sheriff liable in an action on the case for any actual damages sustained by reason of such irregularity. We do not think that such a sale would constitute the sheriff a trespasser; and consequently the appropriate remedy of the injured party would be neither trespass nor trover, but an action on the case, the gist of which would be the irregular manner in which the sale had been conducted, and actual damage resulting therefrom. It is true, perhaps, that under the Code, the person injured by such irregularity would not be confined to an action on the case; for, by section 130, a recovery for the improper or neglectful performance by a sheriff of the duties imposed on him by law, may be obtained by an action on his official bond, against him and his sureties. McElhany v. Gilleland, 30 Ala. 183.

It does not appear that the plaintiff Sheppard has sustained any actual damage, in consequence of the sale having been made at an improper place. But, even if that were shown, it would not in the present case affect the result. For, on the supposition that he has been actually damaged, the cause of action in his favor is one which grows out of the fact that the sheriff improperly sold his property at a place not authorized by law, and that he was thereby injured. On the other hand, Hopkinson's right of action is one which arises out of the act of the sheriff, in selling his property under an execution against another. This right of his does not depend on, and is not affected by the place of sale. Apart from the provision made in section 130 of the Code, the only

remedy which Sheppard could have against the sheriff would be an action on the case; while, on the other hand, that action would not lie in favor of Hopkinson, who could recover in trespass or trover, but not in case. · This being so, it is clear that they cannot join as co-plaintiffs in an action on the bond. Section 130 of the Code was not intended to confer upon persons the right to unite in an action upon the official bond of the sheriff, unless they have a common cause of action, upon which they could at common law have brought a joint action against that officer. We have shown that, if it be conceded that each of the plaintiffs has a cause of action, yet they are separate and distinct causes of action, for which, at common law, distinct and different suits would have to be resorted to. The result is, that there was a clear misjoinder of parties plaintiff, and if the court erred at all in its charges, it was in favor of the appellants; and they will not be heard to complain of errors which could not prejudice them.

Judgment affirmed.