## HIRAM BATES
*v.*
## JOHN W. COURTWRIGHT *et al.*

1. RECOUPMENT, *in trespass.* A party distrained a quantity of growing corn for rent which he claimed to be due him from the owner; the proceedings to enforce the distress resulted in favor of the defendant. While those proceedings were pending, the party making the distress caused the corn to be harvested. *Held,* that in an action of trespass against him for distraining and carrying away the corn, he had a right to recoup the expense of harvesting it.

2. "If a man having rent issuing out of land, disseizes the tenant, in an assize brought by the latter, the disseizor may *recoup* the rent in damages. So, if the disseizor repairs the house or sows the land, the same shall be *recouped* in damages."

3. MITIGATION OF DAMAGES, *in trespass.* Where property taken by a trespasser has been appropriated to the owner's use by his consent, expressed or implied, it may be applied in reduction of damages.

4. And such consent is always implied, where the property has been legally seized and sold, under process in favor of a stranger against the owner.

5. The rule applies with equal force where the process under which the property was seized and sold, is in favor of the trespasser, as where it is in favor of a stranger.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Messrs. BARGE & FOUKE, for the Appellant, contended that in trespass for distraining and carrying away the goods of the defendant, it may be shown, in mitigation of damages, that after the property was taken by the trespasser, it was legally seized and sold under process, either in favor of a stranger, or the trespasser himself, against the owner; and cited 2 Greenl. on Ev., secs. 272, 276, 635, and note 5; *Irish* v. *Cloyes,* 8 Verm. R. 30, 33; *Anthony* v. *Gilbert,* 4 Blackf. 348; *Squire* v. *Hollenbeck,* 9 Pick. 552; *Pierce* v. *Benjamin,* 14 Pick. 361; *Board* v. *Head,* 3 Dana's (Ky.) R. 489, 494; *Prescott* v. *Wright,*

6 Mass. 20, 23 ;   3 Dana's Abridg. 351, chap. 85, sec. 10 ; *Wheelock* v. *Wheelwright,* 5 Mass. 104 ;   *Coldwell* v. *Eaton,* 5 Mass. 399 ;   *Kaley* v. *Shed,* 10 Met. 317 ;   *Sheldon* v. *Sheldon,* 13 Johns. R. 220 ;   *Barron* v. *Davis,* 4 N. H. 338.

Mr. JAMES K. EDSALL, for the Appellee, insisted the true rule on this subject to be :

Where property is wrongfully taken, the subsequent appropriation of it to the use of the owner by a sale under an execution in favor of the wrong doer, will not save the party from answering in damages to the full value of the property.   *Otis* v. *Jones,* 21 Wend. 394, 397 ;   *Hanmer* v. *Wilsey,* 17 Wend. 31 ;   *Higgins* v. *Whitney,* 24 Wend. 379 ;   *Sherry* v. *Schuyler,* 2 Hill, 204.

But where property tortiously taken by one person from the possession of another is subsequently levied upon whilst in the hands of the tort feasor by a third person, under legal process against the owner of the property, in favor of some other party than the tort feasor and without any agency on his part, such last taking may be shown, in mitigation of damages, in an action by the owner against the tort feasor, if the latter took the property under the honest belief that he had title to it, and not for the purpose of subjecting it to such process subsequently levied upon it.   *Higgins* v. *Whitney,* 24 Wend. 379 ; *Sherry* v. *Schuyler,* 2 Hill, 204 ; Sedgwick on Measure of Damages, 560.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is an action of trespass for distraining and carrying away a quantity of growing corn.   It appeared in evidence that the appellant distrained the corn for rent which he claimed to be due him from the appellees ; and that the proceedings to enforce the distress resulted in their favor.   While these proceedings were pending, the appellant caused the corn to be harvested.

The appellant, in mitigation of damages, offered evidence to

show that afterwards, and before the commencement of the present suit, a portion of the corn was levied upon and sold under, and the proceeds applied upon, an execution in favor of the appellant against the appellees; and that the residue of it was levied upon, sold under, and the proceeds applied upon, a fee-bill issued by the clerk of the Circuit Court of Lee county against the appellees, but the evidence was excluded by the court below.

We are of the opinion that the appellant had a right to recoup the expense of harvesting the corn. " If a man having rent issuing out of land, disseizes the tenant, in an assize brought by the latter the disseizor may *recoup* the rent in damages. So, if the disseizor repairs the house or sows the land, the same shall be *recouped* in damages." 8 Viner's Abr. 556–7.

The case under consideration comes within the rule laid down in *Stow* v. *Yarwood*, 14 Ill. 424. Where property taken by a trespasser has been appropriated to the owner's use by his consent, expressed or implied, justice requires it to apply in reduction of damages. Such consent is always implied, where the property has been legally seized and sold, under the process in favor of a stranger against the owner. 2 Greenl. Evid., sec. 635, note 5, and cases cited in *Stow* v. *Yarwood, ubi supra.*

The reason of the rule is, that, the property having been rightfully appropriated in paying debts of the owner, he has received satisfaction for its value, and he ought not again to recover the same value. The rule applies with equal force where the process under which the property was seized and sold is in favor of the trespasser, as where it is in favor of a stranger. The owner receives the value of his property by virtue of legal process, the same in one case that he does in the other; and to that extent his claim for damages is mitigated.

The rulings of the court below in the respects mentioned, were erroneous, and the judgment will be reversed and the cause remanded.

*Judgment reversed.*