225 So.2d 790

M. J. STERLING et al.

v.

Dewey COLVARD et al.

6 Div. 294.

Supreme Court of Alabama.

July 3, 1969.

Longshore & Longshore, Birmingham, for appellants.

Dempsey Pennington, Birmingham, Roy D. McCord, J. D. Pruett, Gadsden, for appellees.

COLEMAN, Justice.

Plaintiffs sued the Sheriff of Etowah County, and the surety on his official bond, for damages allegedly sustained by plain-

tiffs as the result of the action of the sheriff in levying execution on and selling certain personal property of plaintiffs to satisfy a judgment rendered against plaintiffs by the Circuit Court of Etowah County. The jury returned a verdict in favor of the sheriff and the court rendered judgment in accord with the verdict. Plaintiffs appeal.

As last amended, the complaint contains five counts which are designated 1, 2, A, B, and C. Defendants pleaded the general issue in short by consent with leave, etc.

### 4 and 13

Plaintiffs assign for error the giving of the affirmative charge for defendants as to Count 1 of the complaint.

In Count 1, plaintiffs allege that the defendant sheriff levied execution on all plaintiffs' household furniture and goods which were in a warehouse; that said furniture and goods were exempt from levy and sale; that plaintiffs' attorney served notice on the sheriff and claimed said property as exempt; but the sheriff failed and refused to release said levy whereby plaintiffs were deprived of their household furniture and goods, all to the damage of plaintiffs.

Plaintiffs rely on § 712, Title 7, wherein the legislature has declared that no waiver of exemptions in any written instrument shall authorize the levy of execution on cooking utensils, cooking stoves, table, tableware, china, bed and bed clothing in actual use by the family, wearing apparel, and other specified items. The statute declares that " * * * any levy upon such property is absolutely void." Levens v. State, 3 Ala.App. 45, 57 So. 497; Coffman v. Folds, 216 Ala. 133, 112 So. 911.

In reply, defendants say that the instant record shows that the question, whether plaintiffs were entitled to claim the articles levied on as exempt, had been tried and determined against plaintiffs by a judgment of the Circuit Court of Etowah County rendered December 7, 1961, which date

was prior to the date of the sale of which plaintiffs complain.

Defendants' Exhibit A purports to be a transcript of the proceeding and judgment relied on by defendants, wherein the instant plaintiffs claimed the property levied on as exempt, the plaintiffs in execution contested the exemption claim, and the court decided the issue against the instant plaintiffs.

The judgment rendered on the contest, and from which it does not appear that an appeal was taken, was conclusive on the instant plaintiffs as well as the plaintiffs in execution and the sheriff. Stallings v. Gilbreath, 146 Ala. 483, 41 So. 423.

§ 658 of Title 7 recites:

"If no declaration of claim of exemption has been filed in the office of the judge of probate, or if so filed, and the same is contested, no action shall lie against the officer levying the process, on the ground that the property levied on is exempt."

We are of opinion that plaintiffs' claim of exemption had been decided against plaintiffs prior to the sale and that plaintiffs cannot now recover from the sheriff, who levied the process, "on the ground that the property levied on is exempt." Accordingly, the court did not err in giving the affirmative charge for defendants as to Count 1.

### 10 and 11

At some time prior to the levy, the goods of plaintiffs had been stored in a warehouse. Some of the goods had been packed in cardboard cartons. In Count 2, plaintiffs charge that the sheriff sold the cartons without opening them. With respect to Count 2, the trial court charged the jury orally as follows:

"The second claim of the Plaintiffs, gentlemen, is made in Count two of the complaint, and there the Plaintiffs claim damages on the ground that the contents of cartons and boxes were sold without the cartons and boxes being opened, and that that conduct caused the contents of those cartons and boxes to be sold for less than they would have been sold for had the cartons and boxes been opened and the contents thereof exposed for inspection by bidders.

"To this claim of the Plaintiffs as stated in Count two the defense of the Defendants are two. First, the Defendants' contention, on the contrary, is that the sale of the contents of the cartons and boxes was conducted in such a manner as to constitute a reasonable and adequate exposure of the contents of the cartons and the boxes for sale; the second defense of the Defendants with reference to Plaintiffs' claim as stated in Count two of the complaint is that the Plaintiffs were present when the contents of the cartons and boxes were being offered for sale and made no objection to the Deputy Sheriff to the way and manner in which the contents of the cartons and boxes were offerred for sale.

"With respect to Count two of the Plaintiffs' complaint and the claims stated therein, if you are reasonably satisfied by the evidence that the contents of the cartons and boxes were sold without those contents being adequately exposed for inspection and sale and that such conduct caused those contents to be sold for less than they would have sold for had those contents been adequately exposed for sale the Plaintiffs would be entitled to a verdict under Count two for the amount of the decrease in the sales price, *except that if you are reasonably satisfied that the Plaintiffs were present when the contents of the cartons and boxes were being offerred for sale and made no objection to the way and manner in which those contents were offerred for sale the Plaintiffs would not be entitled to recover damages under Count two.*" (Emphasis Supplied)

Plaintiffs excepted to the part of the charge which is emphasized above, and, in

Assignment 10, plaintiffs assert that giving the emphasized portion of the charge is error.

In Counts A, B, and C of the complaint, plaintiffs charge that they were injured as a result of the manner in which the sheriff advertised the sale. Plaintiffs allege:

"Said advertisement stated 'I will proceed to sell on Monday, the 7th day of January, 1962, at the Courthouse door of Etowah County, between the legal hours of sale, the following described property of the said', and follows a description of certain personal property, said advertisement being signed by Dewey Colvard, Sheriff of Etowah County Per Tony Reynolds, Deputy. The advertisement further stated '(To be sold at Hosmer's Transfer & Storage Co.)'."

Plaintiffs contend that the goods sold for less because of two defects in the advertisement. First, the advertisement is that the sale would be on "Monday, the 7th day of January, 1962." The 7th day of January, 1962, was a Sunday not a Monday, and the sale was actually held on Monday, January 8, 1962.

Second, the advertisement recites that the sale will be "at the Courthouse door" and also at "Hosmer's Transfer & Storage Co." The courthouse and Hosmer's warehouse are about five blocks apart. The sale was actually held at the warehouse.

The court charged the jury orally as follows:

"If you gentlemen from and after a consideration of the evidence in the case are reasonably satisfied that the defects in the notice caused the property to sell for less than it would have sold for if the sale had been properly advertised the Plaintiffs would be entitled to damages under Counts A, B and C for the amount of the decrease, *except that if you are reasonable satisfied that the Plaintiffs at the time of the commencement of the sale knew of the defects in the notice, were present at the sale and did not object to*

*the Deputy Sheriff proceeding with the sale on the ground of the defects in the notice, the Plaintiffs would not be entitled to a verdict under either Counts A, B or C."* (Emphasis Supplied)

Plaintiffs excepted to the emphasized portion of the last quoted portion of the charge and, in Assignment 11, plaintiffs assert that giving the emphasized portion of the charge was error.

The first oral instruction to which plaintiffs excepted is to effect that plaintiffs are entitled to recover for damage resulting from the sheriff's failure to expose the contents of the cartons to the view of purchasers at the sale, but, if the plaintiffs were present at the sale and failed to make objection to the sheriff's failure to expose the contents to the view of purchasers, then plaintiffs, by their failure to so object, waived and lost their right to recover for such damage or loss. The second oral instruction excepted to is to effect that plaintiffs are entitled to recover for damage resulting from defects in the notice of sale, but, if plaintiffs knew of the defects in the notice and were present at the sale and failed to object to the sale on account of the defects in the notice, then plaintiffs, by their failure to so object, waived and lost their right to recover for such damage or loss.

" . . . The sales of personal property under execution should always take place, at or near the place where the property is, when sold. Such sales must result in some, if not great sacrifice of the property, unless those present desiring to buy have opportunity to see and examine the property offered for sale.— 2 Freem. on Ex'ns. § 290, and authorities in note 4; Murfree, Sher. § 994; Crok. Sher. § 493; Andrews v. Keith, 34 Ala. [722] 728; Foster v. Mabe, 4 Ala. 402, 37 Am.Dec. 749." Brock v. Berry, 132 Ala. 95, 100, 31 So. 517.

" . . . It was the duty of the sheriff to have advertised the time and place of sale, and to have sold at the place

designated in the notice. Certainly, it was a violation of duty, to advertise to sell at a designated place, and, afterwards make the sale to another and remote place.—2 Freem. Ex'ns. §§ 290, 302; Crok. Sher. § 484." Brock v. Berry, supra.

The oral charges were correct and exceptions thereto were not well taken if it is the rule of law that a defendant in execution loses his right to recover damages from the sheriff for selling personalty without exposing it and for selling without proper notice of time and place of sale, if the defendant is present at the sale and does not object to the manner of sale or on the grounds that the notice is defective. If, however, the rule of law is not as above stated, the charges are incorrect and for giving the same the judgment must be reversed.

The cases next discussed are cited by defendants as authority for the rule stated in the oral charge.

In Payne v. Governor, 18 Ala. 320, the plaintiff sued a constable to recover for a quantity of wood which the constable had levied on and sold under an execution and order of sale issued by a justice of the peace. The execution had been issued to the constable and levied before an order for a certiorari and supersedeas had been obtained. The certiorari and supersedeas were served on the justice of the peace before the sale, but he issued no order of supersedeas and the constable had no notice of the supersedeas except in a casual conversation between him and the justice of the peace. This court held that, if the execution has been superseded, it is the duty of the party, against whom execution issued, to have the officer notified of the supersedeas in such manner that he will be protected in refusing to execute the writ, and that the sheriff must be served with a written order requiring him to suspend all action under the execution before he could be made liable for executing it. Accordingly, this court reversed the judgment against the constable for the error of the trial court in charging the jury that if the constable was informed by the justice that a supersedeas had been issued, the constable ought to have examined it, and, if he proceeded to sell without doing so, he was liable for breach of official duty. *Payne* is not authority that a defendant in execution waives his right to recover from the sheriff if defendant is present at the sale and does not object to the failure to expose the property to the view of buyers at the sale or because of improper notice of the sale.

In Sheppard v. Shelton, 34 Ala. 652, two plaintiffs brought a joint action against the sheriff for levying on and selling under executions certain cattle which were jointly owned by the two plaintiffs. The executions were issued on judgments against only one of the plaintiffs. This court pointed out that the two plaintiffs could not join as co-plaintiffs in an action on the sheriff's bond. *Sheppard* is not in point in the instant case.

In Mitchell v. Corbin, 91 Ala. 599, 8 So. 810, the plaintiff, a defendant in execution, brought an action of trespass against the deputy sheriff who levied on personal property of the plaintiff and sold it on execution issued on a judgment rendered against plaintiff by a justice of the peace. At the sale, plaintiff purchased the property, and the proceeds of the sale were applied in satisfaction of the judgment. The evidence was conflicting as to whether plaintiff made objection to the levy or forbade the sale on the ground that the property was exempt. The proof showed that plaintiff did not own personalty to the amount of $1,000.00 in value. The trial court charged the jury that if they believe the evidence, they will find for plaintiff and assess his damages at the value of the property with interest from the taking to the day of trial. In the opinion, the Supreme Court discusses the manner in which property should be claimed as exempt as provided by statute, showing that defendant in execution might file claim of exemption in writing in office of judge of probate

prior to the levy, or, not having done so, the defendant has not lost the right to claim exemption after levy, if, prior to the sale, he files with the officer making the levy a verified claim in writing as prescribed by statute. The court further discussed the measure of damages and, in doing so, said:

" . . . . If the property was wrongfully seized and sold against the objection of plaintiff, the amount he paid for it, with interest, if not in excess of its value, is, in the absence of proof of other damage, the measure of his recovery; but, if he was present, and made no objection to the sale, and expressly or impliedly consented to the application of the proceeds to his own debt, he is entitled to recover only nominal damages. Bates v. Courtwright, 36 Ill. 518." (91 Ala. at 603, 8 So. at 812.)

The defendants in the instant case rely on the quoted statement as authority to prove that the instant plaintiffs waived their right to recover if they were present at the sale and failed to protest as to the manner of sale or lack of proper notice. In Mitchell, the defendant was claiming damages because the property sold was allegedly exempt from execution. This court pointed out that the statute provided two methods by which a person, whose property has been levied on, could claim exemptions. The evidence showed that the owner of the property levied on had purchased it and the money had been applied to pay his debt. The opinion concludes:

". . . . and, no declaration and claim of exemption having been filed for record before the levy, and no claim in writing filed with the officer thereafter, the property was subject to levy and sale.—Wright v. Grabfelder, 74 Ala. 460. On the undisputed facts, no trespass was committed by defendants." (91 Ala. at 604, 8 So. at 812)

In the instant case, the statute provides no method for objecting to the manner of sale or lack of proper notice. The instant plaintiffs did not purchase their own property. The question here is different from the question in *Mitchell*. *Mitchell* is not concerned with waiver resulting from mere silence. It is concerned with compliance or noncompliance with the statutory method of claiming exemption from execution and the measure of damages suffered by one who, having failed to claim exemption, buys his own property. The reasoning in *Mitchell* is illustrated by a statement in the cited case from Illinois, Bates v. Courtwright, supra, where the court said:

". . . . Where property taken by a trespasser has been appropriated to the owner's use by his consent, expressed or implied, justice requires it to apply in reduction of damages. Such consent is always implied, where the property has been legally seized and sold, under the process in favor of a stranger against the owner. 2 Greenl. Evid., sec. 635, note 5, and cases cited in Stow v. Yarwood, ubi supra [14 Ill. 424].

"The reason of the rule is, that, the property having been rightfully appropriated in paying debts of the owner, he has received satisfaction for its value, and he ought not again to recover the same value. The rule applies with equal force where the process under which the property was seized and sold is in favor of the trespasser, as where it is in favor of a stranger. The owner receives the value of his property by virtue of legal process, the same in one case that he does in the other; and to that extent his claim for damages is mitigated." (36 Ill. at 520)

*Mitchell* is not authority that mere silence of the defendant in execution bars him from recovering damages sustained as the result of failure to expose the property for inspection of the buyer or for failure to give proper notice of the sale.

In Burgin v. Raplee, 100 Ala. 433, 14 So. 205, this court affirmed a judgment in favor of a wife who brought trespass against a constable for selling the wife's property

under writs of *venditioni exponas* issued on a judgment against her husband. This court said that if the constable, acting under the writs which were regular on their face, sold the property as that of the husband and was ignorant of the fact that the property was that of the wife, the constable was not liable; but if he knew and was so informed by the wife, he was liable. This court assumed there was evidence to support the finding of the trial court and affirmed. Whether the wife was present at the sale does not appear from the opinion. *Burgin* does not seem to bear on the question in the instant case.

In O'Bryan Bros. v. Davis, 103 Ala. 429, 15 So. 860, execution was issued upon a judgment against defendant and levied on his property which was afterwards sold by the sheriff. Subsequently, the defendant moved the circuit court to set aside and vacate the sale, and the court rendered judgment that the sale was void and set it aside. The plaintiffs in execution had become the purchasers at the sale. They appealed from the judgment vacating the sale. This court reversed. In considering the affidavits submitted on the motion, this court said, "They show a single irregularity." The irregularity appears to have been acceptance of the second highest bid after the highest bidder could not comply with the terms of sale. This court considered whether injury to defendant had been shown and concluded: "It cannot be insisted that it is clearly shown that the defendant was injured." This court said further·

"... It is argued that the goods ought not to have been sold *en masse*, but should have been sold off at retail. The only evidence on that subject is the affidavit of Atkins who swears that, in his opinion, they would not have realized any more by that method of sale. Besides, defendant was present at the sale, and made no objection, and did not request that they be sold in that way. Evidently, the court below did not regard the alleged inadequacy of price as established, but acted on the mistaken conception that the sale was void. The judgment of the circuit court is reversed, and a judgment will be here rendered overruling the motion to set aside the sale." (103 Ala. at 435, 436, 15 So. at 862)

The opinion concludes with the following paragraph:

"We inquire whether a court may properly entertain a motion to set aside a sheriff's sale of personal property under execution, unless under such peculiar circumstances that the property can be restored, and the parties placed *in statu quo*. Should not the defendant in execution, if injured by the fraud or oppression of the sheriff, be left to his remedy against the officer?" (103 Ala. at 436, 15 So. at 862)

■ The last quotation suggests what appears to be the proper rule with respect to the doctrine of waiver by a defendant who is present at the sale and does not object to the manner of sale or lack of proper notice. That rule seems to be that, when a defendant stands silent at an execution sale of his personalty and does not object to its being sold *en masse* or without exposure to view of buyers or without proper notice and it is not clearly shown that the property was sold for a greatly inadequate price, then the sale will not be set aside or vacated, but, in an action against the officer who conducted the sale, the defendant in execution may recover from the officer for damage suffered by defendant as the result of the manner in which the sale was conducted or lack of proper notice. The sale is not void, but the officer is liable for his misfeasance.

We have considered all the cases cited by defendants in support of the doctrine of waiver as stated in the oral charge, but are of opinion that the cited cases do not support that doctrine.

The general rule of waiver, on which the instant oral charge is based, may apply in proceedings wherein the defendant in exe-

cution seeks to set aside or vacate the sale and deprive the purchaser of his title which he acquired by virtue of the execution sale. The general rule apears to be that, a defendant in execution, who is present at the sale and has knowledge of the irregularity of which he complains, is or may be under a duty, to the purchaser at such sale, to object or protest against the irregularity.

 We do not think that a defendant in execution, who is present at the sale of his property, owes a duty to direct or supervise the actions of the sheriff in conducting the sale. The sheriff owes to the defendant a duty to conduct the sale as provided by law. When defendant merely stands silent, he has breached no duty. If the execution has been superseded at the instance of defendant, it is his duty to cause the sheriff to be served with written notice of the supersedeas. Payne v. Governor, supra. If defendant claims the property as exempt, it is his duty to claim his exemption in the manner provided by law. Mitchell v. Corbin, supra.

In a suit in equity to redeem, this court, with respect to failure to give the statutory notice of an execution sale, has said:

"No irregularity in the conduct of the sale, such as failure to post notice of the sale at the courthouse door, Code, § 7825, failure to give personal notice of the levy, Code, § 7819, or a delay of some three months before executing the sheriff's deed, which should be executed within five days after the sale, Code, § 7838, nor all of them will suffice to render the sale void on collateral attack. A valid judgment, execution thereon, levy and sale, all evidenced prima facie by recitals in the deed, suffice to protect the purchaser. Code, § 7706; (Citations Omitted).

"This rule does not give countenance to derelictions of public officers in the discharge of the duties imposed by law, but is expressive of a public policy to protect purchasers, who, in good faith, rely upon official action. . . . ." Bonner v. Lockhart, 236 Ala. 171, 172, 173, 181 So. 767.

We note, however, that in the cases listed in Ala. Digest, Executions, ☞ No. 245, certain cases are cited in which the court held that the defendant in execution had not waived or was not estopped to question the validity of an execution sale.

The instant plaintiffs do not seek to vacate the sale. The seek to pursue their remedy against the officer. O'Bryan v. Davis, supra.

In an early case where plaintiff sought to recover against an officer for selling without proper notice, this court said:

"It is certain that the process of the law will protect the officer who pursues it, but if he misuses or abuses it, that protection is taken from around him: notwithstanding, then, in this case, the original taking may have been lawful, if the defendant was guilty of a misfeasance, he thereby became a trespasser *ab initio*. A misfeasance is the improper performance of some act which might lawfully be done. The defendant here had a right to take and sell the property, but was bound to do it as directed by law. If then, he sold without the legal advertisement, it was the improper performance of an act which might have been lawfully done; and he was, according to strict definition, guilty of a misfeasance. By this he was dismantled of his protection, and made a trespasser from the beginning. There can be no question but that he was liable to the action of trespass. . . . ." Wright v. Spencer, 1 Stew. 576, 577.

*Wright* was quoted and relied on in Brock v. Berry, supra.

 We hold that the instant plaintiffs did not, by mere silence, waive and lose their right to recover from the sheriff for damages resulting from inadequate exposure of the goods sold or defective notice of sale. Accordingly, the oral charge

**386**

was erroneous and the exceptions thereto were well taken.

### 9.

The sale was made in Etowah County. This action was brought in Jefferson County. In argument, defendants' counsel made the following statement:

"Now, in the first place, I don't know why and I can't tell you, but I believe you can use your best judgement and common sense in knowing why a Jefferson County jury is called upon to decide this instead of an Etowah County jury."

Plaintiffs objected to the argument. The court overruled the objection and this ruling is assigned as error.

Plaintiffs say that defendants' argument was improper and objection thereto ought to have been sustained because the argument violates the rule stated as follows:

". . . . 'it is error sufficient to reverse a judgment, for counsel, against objection, to state facts pertinent to the issue and not in evidence, or to assume, *arguendo*, such facts to be in the case, when they are not;' and if the statement be of facts which would not be legal evidence, if offered as such, yet, if their natural tendency is to influence the finding of the jury, the same rule would apply. We sum up, lest we be misunderstood. There must be objection in the court below, the objection overruled, and an exception reserved. The statement must be made *as of fact*; the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury; or the case is not brought within the influence of this rule. To come within the last clause above, namely, where the natural tendency is to influence the finding of the jury, the case must be clear and strong. We would not embarrass free discussion, or regard the many hasty or exaggerated statements counsel often make in the heat of debate, which can not, and are not expected to become, factors in the formation of the verdict. Such statements are usually valued at their true worth, and have no tendency to mislead. It is only when the statement is of a substantive, outside fact—stated as fact —and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion. (Citations Omitted)" Cross v. State, 68 Ala. 476, 484.

■ We are not persuaded that overruling plaintiffs' objection to the argument constitutes such abuse of the trial court's discretion as to require reversal. We think, however, that the fact that the action was brought in Jefferson County instead of Etowah County does not have any proper relation to the issues to be decided by the jury in the instant case, and that such argument ought not to be permitted on another trial.

### 12.

After the jury had retired, they returned to the jury box and one juror asked whether the deputy sheriff had a right to reject any and all bids at this sale. The trial court replied that the deputy did not have a right to reject the bids for inadequacy, and "if he had a right to reject them for inadequacy he had equally the right not to reject them for inadequacy."

Defendants say in brief:

". . . . as an abstract proposition, the learned trial judge undoubtedly knew that his reply to the juror was not strictly accurate. . . . ."

We anticipate that the matters here complained of will not occur on another trial.

For the errors in the oral charge presented by Assignments 10 and 11, the judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.